**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-10197

_____

In the matter of: Shannon Cavanaugh,

Debtor.

BOB BELL,

Appellant,

VERSUS

CHARLES KENNON,

Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:96-CV-227-X)

_____


October 8, 1997

Before REYNALDO GARZA, SMITH, and WIENER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Plaintiff Bob Bell appeals the dismissal, for failure to designate the record, of his bankruptcy appeal to the district court.[1]  Because Bell has not alleged error on the part of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Bankruptcy Rule 8006 provides as follows:

Within 10 days after filing the notice of appeal . . . the appellant shall file with the clerk and serve on the appellee a

(continued...)

district court, and because we do not believe that court abused its discretion, we affirm.

I.

We review the dismissal for abuse of discretion.[2]  Bell alleges that virtually every act by every participant in the bankruptcy case, a *pro se* chapter 13 hearing regarding Shannon Cavanaugh, and in Bell's subsequent appeal, was part of a racial conspiracy.

According to Bell, he was "illegally summoned to a bankruptcy hearing," and "an illegal order was issued" against him, although he was not a party to the bankruptcy.  He claims that in issuing this order, the bankruptcy court acted "beyond the real [*sic*] of the scope of the courts [*sic*] jurisdictional power."  He alleges that appellee Charles Kennon and co-counsel Greg Arnove, court staff attorneys, "are trying to make a name for themselves at the expense of violating the civil rights and liberties of the appellant."  He claims that the staff attorneys "have used their position to impose their racial attitudes and concerns in case that has nothing to do with jurisdiction; other than the fact that they

(...continued)
    designation of the items to be included in the record on appeal and a
    statement of the issues to be presented.

    [2] *In re Pyramid Mobile Homes, Inc.*, 531 F.2d 743, 744 (5th Cir. 1976); *In re Braniff Airways*, 774 F.2d 1303, 1305 (5th Cir. 1985); *Martinez v. Johnson*, 104 F.3d 769, 771 (5th Cir. 1997).

2

wanted to teach an innocent black business person a lesson in racial harassment" and that the bankruptcy judge "allowed a kangaroo hearing to occur" in a demonstration of a "buddy helping a buddy." Finally, he states that "[i]t is fairly obvious to the appellant that the appellee, the Honorable Harold Abramson was intent on assisting some of his cronies with a plot to destroy and [*sic*] innocent business person who happened to be black."

Nowhere in his brief does Bell allege error by the district court, either in law or in fact. Nor does he allege that the court abused its discretion in dismissing the appeal. Even a *pro se* appellant has an obligation to present an argument on the issues that are raised, although we construe the brief liberally. By failing to do so, Bell has given us "nothing to review or rule upon." *Al-Ra'id v. Ingle*, 69 F.3d 28, 31 (5th Cir. 1995) (holding that a *pro se* appellant waived a retaliation claim by failing to allege errors by the district court in disposing of the issue).

## II.

Even assuming that an active search for error is appropriate, the pleadings suggest none. Bell does not dispute that he failed to designate the record. An appellant bears the responsibility of providing an adequate record on which the court may base its review of the issues raised on appeal. *Pyramid*, 531 F.2d at 745. When he fails to meet this obligation, the district court may, at its

3

discretion, dismiss the suit. In doing so, the court should consider the prejudicial effect of delay on the appellee and the *bona fides* of the appellant. *Id.*

We cannot say that the district court abused its discretion in dismissing the suit. Although Bell alleges many legal conclusions regarding the conduct of Kennon and the bankruptcy judge, he has alleged no discreet factsSSonly conclusional onesSSto suggest that his claim is *bona fide*. Because of the lack of facts and the continued absence of a record, the district court had no better option than dismissal.

On occasion, courts in this circuit have chosen "not [to] dismiss the appeal . . . but [to] decide those issues which can be reached on the record before [the court]." *Gulf Water Benefaction Co. v. Public Utility Comm'n*, 674 F.2d 462, 466 (5th Cir. 1982).[3] Such an option was not available to the district court in this case, because the complaint alleged legal conclusions and assertions without supporting facts; such conclusional allegations cannot present material issues of fact.[4]

Bell does not allege that he requested leave to correct his omission by supplying a suitable record. If he had, we would be

---

[3] *See also Coats v. Pierre*, 890 F.2d 728, 731 (5th Cir. 1989) ("Although we choose not to dismiss the appeal, the scope of our review is necessarily limited to reviewing the available transcripts and determining whether the evidence contained in them is sufficient to raise a jury question.").

[4] *Guidry v. Bank of La Place*, 954 F.2d 278, 281 (5th Cir. 1992); *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989); *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974).

faced with a question already considered by a number of circuits: whether the consequences of delay in making a filing required by FED. R. BANKR. P. 8006 should be governed by FED. R. BANKR. P. 8001(a), which allows the district court to take discretionary action short of dismissing the appeal, or FED. R. BANKR. P. 9006(b)(1), which mandates dismissal unless "excusable neglect" can be shown.[5] Because Bell made no attempt to file the designation of the record at any point, however, we need not address the question of untimely filings.

Faced with an appellant who had not complied with rule 8006 and expressed no interest in doing so, and supplied with briefs containing no facts upon which the court could proceed without a record, the district court had little choice but to dismiss the appeal. The judgment, accordingly, is AFFIRMED.

---

[5] *Compare In re SPR Corporation*, 45 F.3d 70, 72-73 (4th Cir. 1995); *In re Serra Builders, Inc.*, 970 F.2d 1309 (4th Cir. 1992) (upholding dismissal where district court found appellant "negligent"); *Nielsen v. Price*, 17 F.3d 1276 (10th Cir. 1994) (upholding dismissal where appellant violated several rules); *In re Fitzsimmons*, 920 F.2d 1468 (9th Cir. 1990) (holding that where district court finds bad faith, it need not consider alternatives to dismissal); and *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705 (9th Cir. 1986) (no abuse of discretion in allowing suit to go forward where violations were fault of appellant's attorney) (all applying rule 8001(a)) *with In re Harlow Fay, Inc.*, 993 F.2d 1351 (8th Cir. 1993) (applying rule 9006(b)(1) and upholding dismissal where appellant failed to demonstrate excusable neglect).